CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 12 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARRY L. VIA, a/k/a Zayd Abdul Muhammad, ) | |
| ) | Civil Action No. 7:13cv513 |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| HAROLD W. CLARKE, ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| Respondent. ) | |

Barry L. Via, a/k/a Zayd Abdul Muhammad, ("Via"), filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254, claiming that Respondent was holding him at Red Onion State Prison past his "court ordered" release date in violation of the Eighth and Fourteenth Amendments. Several weeks after Via filed his petition, however, the Virginia Department of Corrections ("VDOC") released him. Discerning no continuing collateral consequences, the court concludes that Via's claims are now moot and dismisses them.

I.

Via is a former inmate of the Red Onion State Prison in Virginia. While incarcerated, Via filed numerous prison grievances claiming the VDOC was forcing him to serve a sentence longer than what the court originally imposed. According to Via, the VDOC was required to release him by at least August 6, 2013. Via calculated this date based upon an advisory memo sent to Via by the VDOC on February 14, 2013. That memo estimated Via's "good time" release date would be August 6, 2014 but incorrectly stated Via's total sentence. (Pet'r's Ex. H, ECF No. 1-3) When the VDOC finally corrected Via's total sentence by reducing it by 12

months,[1] Via believed it would likewise reduce his "good time" release date by the same amount. However, the advisory memo from the VDOC to Via stated a different good time release date of November 19, 2013, (Pet'r's Ex. I, ECF No. 1-3), which Via claims the VDOC intentionally miscalculated. (ECF No. 1-2 at 6) The VDOC denied Via's complaints and explained that it had properly calculated his good time release date.[2]

After exhausting the prison's grievance procedures, Via filed a state habeas petition, claiming the VDOC violated his Eighth and Fourteenth Amendment rights by forcing him to serve time not ordered by the court. On September 30, 2013, the Virginia Supreme Court denied Via's petition as untimely under Va. Code § 8.01-654(A)(2). Via then petitioned this court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting the same claims. Via asks the court to invalidate the excess portion of his sentence and direct his immediate release. (ECF No. 1 at 14) Approximately three weeks later, on November 19, 2013, the VDOC released Via.

Respondent then filed a motion to dismiss, arguing that Via's claims had become moot. Before ruling on Respondent's motion, the court directed the parties to address the applicability and reasoning of Townes v. Jarvis, 577 F.3d 543 (4th Cir. 2009), which found that an inmate's release on parole did not necessarily render his habeas petition moot.

---

[1] On March 31, 2011, Via pled guilty to assault and battery of a VDOC officer. The Wise County Circuit Court in Virginia imposed a 12 month sentence that it intended to run concurrent to Via's other sentence(s), but the sentencing order mistakenly stated that it was to run consecutive to the other sentence(s).

[2] The VDOC told Via "[w]hen a new [sentencing] occurs which results in the recalculation of an offender's time computation, the previously projected release date is no longer valid." (Pet'r's Ex. O, ECF No. 1-3) Each advisory memo, or "legal update," also states that "[t]he projected dates are based on the assumption that the offender will continue to earn good time at the present earning level and will not have earned good time taken from the offender as a result of misbehavior. Loss of earned good time, a change in good time earning level, or any other event that impacts the service of the total sentence may cause the projected dates to change." (Pet'r's Ex. H-I, ECF No. 1-3)

2

II.

The court now finds that because Via points to no evidence of continuing collateral consequences caused by Respondent's alleged miscalculations and because Via has received the relief he initially sought, Via's claims are moot. Accordingly, the court will grant Respondent's motion to dismiss.

Generally, a case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation. "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). Where the petitioner's sentence has expired, there must be "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id. The Supreme Court has presumed that a wrongful criminal conviction has continuing collateral consequences. Id. at 8. But the Supreme Court has refused to extend a presumption of collateral consequences to other areas, such as parole revocation. Id. at 14. Thus, where a petitioner does not challenge his or her underlying conviction(s), the suit's subsistence typically requires that continuing collateral consequences be proved. See id. at 8.

Because Via does not challenge his underlying convictions, then, he must demonstrate continuing collateral consequences caused by Respondent's alleged miscalculations. Unlike the petitioner in Townes v. Jarvis, who maintained that, even after the VDOC released him, the Virginia Parole Board's earlier conduct continued to affect the length of his parole, 577 F.3d at

3

547, Via points to no continuing harm.³ Via has received the object of his petition: release. With no continuing collateral consequences, Via's habeas claims are moot, and the court will grant Respondent's motion to dismiss.⁴

III.

For the reasons stated, the court grants Respondent's motion to dismiss.

**ENTER**: June 12, 2014.

UNITED STATES DISTRICT JUDGE

---

³ It also appears that Via was not actually held beyond his *court ordered* release date as he complains. Via's exhibits indicate that he was first remanded to custody on June 15, 1990 and, according to the VDOC, was serving a total sentence of "23 years, 6 months, and 32 days." (ECF No. 1-3) The VDOC released Via on November 19, 2013, or after having served 23 years, 5 months, and 4 days.

⁴ This is not to say that Respondent's alleged intentional miscalculation of his "good time" release date is necessarily insulated from review under 42 U.S.C. § 1983. See Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248-49 (4th Cir. 2005) (holding that former detainee's request for injunctive relief under 42 U.S.C. § 1983 was moot, but his "request for monetary relief [was] not moot even though [he] [had] been released from Jail").

4